[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Patricia Buckwolf, Esq. Defense Counsel, for Petitioner
Robert O'Brien, Esq. Assist. State's Attorney for the State.
BY THE DIVISION CT Page 9884
The petitioner, age 38 at the time of sentencing was convicted by jury of one count of Sexual Assault in the 2nd degree in violation of Conn. Gen. Stat. 53a-71 (a)(1) and one count of risk of injury to a minor in violation of Conn. Gen. Stat. 53-21. He received a sentence of 10 years to serve on the first count and 10 years suspended after 5 years to run consecutively to the first count, with 5 years probation. His total effective sentence is 20 years, execution suspended after 15 years and 5 years probation.
The evidence shows that the victim was the petitioner's then 10 year old daughter. The incident took place in August of 1987, when the mother left the child alone with the father to do shopping in New York. While the mother was out the father called the daughter into the bedroom and sexually assaulted her. Although these crimes were outrageous in themselves, the ugliness of the acts is compounded by the fact that the petitioner, at the time of the new crime, was on probation for sexual abuse of the very same daughter.
At the hearing, the petitioner sought a reduction of his sentence because he thought the sentence was inappropriate. It was inappropriate because, while recognizing his early significant record, he had no major arrests for drugs or alcohol of late. Further he was employed full time during his time outside of prison. It was pointed out to this panel that his former employer still supports him and would offer him employment if released. Counsel argued that he should be released because he is a good prospect for rehabilitation. The petitioner, in addressing the Board indicated he wanted another chance and that he learned his lesson and that he would not be back.
The state's attorney emphasized that the new crimes were committed by the petitioner while on probation for a previous sex offense. He argued that there was overwhelming guilt, and that the petitioner was uncooperative in this case. In conclusion, he urged this Board to affirm the sentence as it was appropriate for the crimes convicted.
The court in its sentencing remarks found the evidence to be overwhelming. It noted that the sentencing court who sentenced the petitioner on the first sexual assault was very lenient. The court noted his extensive criminal record including voluntary manslaughter, robbery, prior sexual assault on this child. Lastly the court felt that the petitioner's crimes "calls for severe treatment and sentencing and severe incarceration." CT Page 9885
It is this Board's conclusion that the sentence imposed by the trial court was neither inappropriate or disproportionate considering the petitioner's convictions of sexual assault on the same daughter.
The sentence is affirmed.
PURTILL, J. NORKO, J. STANLEY, J.
Purtill, J., Norko, J. and Stanley, J., participated in this